(No. 3579—

LOUIS F. THOMPSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1944.*

SIDNEY H. DILKS, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR AND ROBERT V. OSTROM, Assistants Attorney General, for respondent.

ECKERT, J.

On January 18, 1940, the claimant, Louis F. Thompson, an employee of the State of Illinois, Department of Public Works and Buildings, while unloading cinders from a State truck, slipped and fell to the ground. He

sustained an oblique fracture of the upper, outer edge of the left tibia, and a fracture of the upper end of the left fibula.

Immediately following the accident, claimant was taken to the office of Dr. H. L. Shinall in Gibson City, and from there was taken by ambulance to St. Joseph's Hospital in Bloomington and placed under the care of Dr. H. W. Wellmerling. Claimant was hospitalized until February 9th, when he returned to his home. He was treated by Dr. Shinall until April 1st, when he was placed under the care of Dr. H. B. Thomas, Professor of Orthopedics, University of Illinois, College of Medicine, at Chicago. He was discharged by Dr. Thomas on November 16, 1940.

At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

During the year immediately preceding the injury, claimant was employed by the respondent in the capacity of maintenance patrolman at a salary of $135.00 per month. He was incapacitated from January 19th to September 22nd, and from November 11th to November 16th, 1940, a total period of 36 2/7 weeks. At the time of the accident, he had two children under the age of sixteen years dependent upon him for support, so that his rate of compensation is $16.00 per week, plus ten per cent, or $17.60, making total of $638.62 due him for temporary total disability. Claimant, however, has received on account of temporary total disability the sum of $796.39, or an overpayment of $157.77. The respondent has also paid $465.60 for medical services.

Dr. Harold L. Shinall, of Gibson City, the treating physician, testifying on behalf of claimant, stated that claimant has a lateral deviation of the left leg below the knee, and is unable to flex completely the knee joint; that this condition is a result of the injury suffered on January 18, 1940; that claimant has sustained a twenty-five to thirty-five per cent loss of use of his left leg; that the lateral deviation below the knee tends to throw claimant's knees together and somewhat impairs his walking; that the deviation also makes claimant unable to place his heels together. On cross-examination, Dr. Shinall testified that the injury was confined to the knee; that in the knee there are normally only two motions, flexion and extension; that claimant has complete extension; that claimant has about ninety degrees of flexion in his left knee instead of the normal of one hundred and twenty degrees; that of the two motions of the knee, it is more important to an individual to have complete extension than to have complete flexion; and that the degrees of flexion of the knee lessen in importance as the maximum number is approached.

The claimant testifying on his own behalf stated that his left leg aches and swells whenever he lifts anything very heavy or stands for any considerable period of time; that the injury has resulted in his knees rubbing together when he walks; that he is unable to place his heels together; that he is unable to do any kind of work necessitating considerable weight being placed upon his left leg, and that at times his leg becomes numb because of poor circulation.

From the evidence and from personal observation of the claimant by the court, it appears that claimant has sustained a 20 per cent permanent partial loss of use of his left leg. He is therefore entitled to an award of

$668.80, from which must be deducted the over-payment of $157.77.

Award is therefore made to claimant in the sum of $511.03, all of which has accrued and is payable forthwith.